**FILED**

**August 31, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 12:55 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| PAMELA J. COMPTON, | ) | Docket Number: 2017-02-0178 |
| Employee, | ) | |
| v. | ) | |
| | ) | State File Number: 25350-2017 |
| MO'S INVESTMENTS, INC. d/b/a | ) | |
| SICILY RESTAURANT | ) | |
| Uninsured Employer, | ) | Judge Brian K. Addington |

## EXPEDITED HEARING ORDER

This matter came before the undersigned Workers' Compensation Judge on August 29, 2017 upon Pamela J. Compton's Request for Expedited Hearing. The central legal issue is whether Ms. Compton suffered an injury arising primarily out of and in the course and scope of employment with Mo's Investments, Inc. d/b/a Sicily Restaurant. The Court holds Ms. Compton has not come forward with sufficient evidence to establish she is likely to prevail at a hearing on the merits. Therefore, she is not entitled to the requested medical and temporary disability benefits at this time.

### History of Claim

Ms. Compton worked as a waitress and dish washer for Sicily Restaurant when she claimed she suffered an injury at work.

She provided different dates of injury and areas of injury throughout the history of her claim. On Ms. Compton's Petition for Benefit Determination (PBD), she listed an injury date of "March 2 or 3, 2017," and described a cut on her left hand. With her Request for Expedited Hearing, Ms. Compton provided an affidavit that she suffered injury "on or about" the last of February or early March. The affidavit also claimed she cut her arm. When Ms. Compton testified during the Expedited Hearing, she stated she believed she became injured on March 2, 2017. The undersigned asked her to point out her injury, and she indicated her left arm, where the Court observed no obvious injury.

1

Ms. Compton did not immediately seek treatment. Later, she asked for medical treatment, and a supervisor told her to go to the doctor. Ms. Compton went to her own physician, Doctor's Assisted Wellness, and then later to Urgent Care at Wellmont Medical Associates.

In an effort to support her claim, Ms. Compton submitted medical bills, receipts, and one excuse. The bills from Doctor's Assisted Wellness dated back to February 24, 2017. The excuse is for a doctor's appointment that day but provided no explanation for the appointment. She went back to Doctor's Assisted Wellness on March 3, to Urgent Care on March 5, and back to Doctor's Assisted Wellness of March 9 and 16. The receipts from Doctor's Assisted Wellness indicated Ms. Compton received Subutex treatment for drug dependency. The receipt from Urgent Care did not explain the treatment.

Mohamed Hashem owns Sicily Restaurant. He did not witness Ms. Compton suffer an injury and only heard verbal reports about her alleged injury and missing work. At some point, Ms. Compton provided the Urgent Care bill to him, and he paid $22.24 toward it. Ms. Hashem refused to pay any other bills because they appeared to be for regular doctor's visits and not a work injury.

The parties discussed Ms. Compton's wages during the Expedited Hearing, but neither side presented any written proof.

During the Expedited Hearing, Ms. Compton requested payment of past medical expenses and a week and a half to two weeks of temporary total disability benefits.

Mr. Hashem appeared on behalf of Mo's Investments d/b/a Sicily Restaurant without an attorney. The Court did not allow Mr. Hashem to enter or object to exhibits, cross-examine witnesses, or make arguments.[1]

## Findings of Fact and Conclusions of Law

In this workers' compensation case, Ms. Compton has the burden to prove all essential elements of her claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, she need not prove every element of her claim by a preponderance of the evidence to obtain relief at an Expedited Hearing. Instead, she must come forward with sufficient evidence from which the trial court can determine that she is likely to prevail at a hearing on the merits. *McCord v.*

---

[1] "Any corporation . . . must be represented by counsel in all proceedings occurring in the court of worker' compensation claims[.]" Tenn. Comp. R & Regs. 0800-02-21-.05 (1)(c) (2016).

*Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Ms. Compton must show she suffered an injury caused by a specific incident or set of incidents arising primarily out of and in the course and scope of employment, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A) (2016).

Here, Ms. Compton did not recall the date of injury. Her PBD listed an injury date of March 2 or 3, while she testified "she believed' it occurred on March 2 but signed an affidavit that it happened late February or early March. Medical bills suggested it could have occurred before February 24. Based on these discrepancies and the record as a whole, the Court finds that Ms. Compton failed to identify the time of her injury.

Further, Ms. Compton did not prove the claimed injury. In her PBD, Ms. Compton described a hand injury, but her affidavit and testimony claimed an arm injury where but no obvious injury was visible. Further, she provided no medical records to document the alleged injury. Except in the most obvious cases, an employee must present expert medical evidence to prove her claim. *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991). Ms. Compton did not present any expert medical evidence of the injury, which is required for her to prove she suffered an injury at work.

As for the issue of temporary benefits, Ms. Compton presented only one excuse for a scheduled doctor's appointment on February 24. Temporary total disability benefits are owed only after seven days of disability resulting from the injury. Tenn. Code Ann. § 50-6-205(a). Because Ms. Compton failed to prove the date of her injury, the Court cannot find that her excuse related to her alleged work injury. Even if it did, the Workers' Compensation Law requires seven excused days before benefits are owed.

Because Ms. Compton did not provide sufficient proof that she suffered an injury on March 2, expert medical proof of her injury, or medical excuses from work for more than one day, the Court denies her request for past medical and temporary total disability benefits. She has not come forward with sufficient evidence to establish she is likely to prevail at a hearing on the merits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Compton's request for benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on October 10, 2017, at 10:00 a.m. Eastern Time. The parties must call 855-943-5044 toll-free to participate in the hearing. Failure to appear by telephone may result in a determination of the issues without your participation.

3

**ENTERED this the 31st day of August, 2017.**


　　　**_/s/ Brian K. Addington_**
　　　**Judge Brian K. Addington**
　　　**Court of Workers' Compensation Claims**



## APPENDIX

<u>Exhibits:</u>
1. Ms. Compton's affidavit
2. Collective Exhibit-Medical Bills
3. Email from Mr. Hashem to the Bureau
4. Collective Exhibit- Check, Medical Excuse, and Medical Bills
5. Expedited Request for Investigation Report

<u>Technical Record</u>
1. Dispute Certification Notice
2. Petition for Benefit Determination
3. Request for Expedited Hearing

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 31st day of August, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Address |
|---|---|---|---|---|---|
| Pamela Compton | X | | | X | 111 Maden Drive<br>Gray, TN 37615<br>pamcompton7@yahoo.com |
| Sicily Restaurant c/o Mohammed Hashem | X | | | X | 405 Roy Martin Road<br>Gray-Johnson City, TN 37615<br>edhashem@gmail.com |

/s/ Penny Shrum
**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

5